KING, C. J.,
for the Court.
¶ 1. On January 23, 2003, Robert C. Smith was found guilty by a Jones County Circuit Court jury of sale of a controlled substance. Smith was sentenced to a term of twenty-five years, with ten years to serve in the custody of the Mississippi Department of Corrections and fifteen years suspended. Smith appeals raising only the issues of sufficiency and weight of *1001 the evidence. Finding no error, we affirm the decision of the Jones County Circuit Court.
FACTS
¶ 2. On September 1, 2000, Karla McMa-han, a Laurel Police Department undercover officer, was driving around the area of Brown Street and Johnson Circle in Laurel, Mississippi. The truck which McMahan drove was rigged with two audio/video cameras. McMahan testified that she heard a whistle come from a group of men loitering around a store. She stopped the truck as Smith approached. Smith asked McMahan what she was looking for. McMahan indicated that she wished to purchase forty dollars worth of crack cocaine. Smith instructed McMa-han to drive around the block and return. McMahan complied and when she returned, Smith gave her .10 grams of crack cocaine in exchange for forty dollars. The transaction was captured on video. Smith was arrested three months later, in order to not give away McMahan’s identity.
ANALYSIS
¶ 3. In reviewing a challenge to the sufficiency of the evidence, this Court must determine whether any reasonable juror could have found that the State proved each element of the crime charged beyond a reasonable doubt. Bush v. State, 895 So.2d 836, 843(¶ 16) (Miss.2005) (citing Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We will reverse a verdict based on a challenge to the weight of the evidence only when the verdict is so overwhelmingly against the weight of the evidence that allowing it to stand would sanction an unconscionable injustice. Id. (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)).
¶ 4. Smith was indicted under Mississippi Code Annotated § 41-29-139(a), which prohibits any person from knowingly and intentionally selling a controlled substance. At trial, McMahan and Layne Bounds, Sergeant of the Narcotics Division, identified Smith as the individual who sold McMahan crack cocaine on September 1, 2000. Jamie Johnson, a drug analyst at the Mississippi Crime Lab, testified that the substance purchased from Smith was .10 grams of crack cocaine. Also, the videotape depicting the transaction was played for the jury.
¶ 5. Smith’s only contention on appeal is that the man in the videotape did not look like the defendant on the day of trial. Smith argues that the man shown on the videotape was nearly one hundred pounds heavier than Smith, and that the man shown on the videotape had a beard, which Smith did not have on the day of trial. However, both McMahan and Bounds testified that they noticed that the defendant had lost a significant amount of weight and was clean shaven at trial, but still positively identified Smith as the man who sold McMahan the crack cocaine. Although McMahan had never seen Smith prior to the purchase, Bounds knew Smith prior to his arrest.
¶ 6. The State provided evidence on every element of the crime charged. Witness credibility is an issue to be resolved by the finder of fact. Price v. State, 898 So.2d 641, 652(¶ 25) (Miss.2005). In the case sub judice, the jury heard the testimony of two police officers who identified Smith as the person who sold McMahan crack cocaine. The jury also viewed a videotape of the transaction. Clearly, the jury resolved the issue of witness credibility in favor of the State. Accordingly, we find that the jury’s verdict was not against the overwhelming weight of the evidence.
¶ 7. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF A CON *1002 TROLLED SUBSTANCE AND SENTENCE OF TWENTY-FIVE YEARS WITH TEN TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THE REMAINING FIFTEEN YEARS SUSPENDED UPON SUCCESSFUL COMPLETION OF SERVICE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.